Case 1:22-cv-01540-CBA-TAM  Document 18  Filed 06/20/23  Page 1 of 3 PageID #: 79

Clerk's Office
Filed Date: 6/20/2023

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
WILLIAM HENNESSY, by and through his
Guardian, Josephine Hennessy,

                Plaintiff,

  -against-

BRK BAR GROUP, LLC, d/b/a SILVER LIGHT
TAVERN, and 689 LORIMER HOLDINGS
LLC,

                Defendants.
-----------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
22-cv-1540 (CBA) (TAM)

**AMON, United States District Judge:**

On March 31, 2022, William Hennessy ("Plaintiff"), by and through his guardian Josephine Hennessy ("Ms. Hennessy"), commenced this action against BRK Bar Group, LLC and 689 Lorimer Holdings LLC ("Defendants"). (ECF Docket Entry ("D.E.") # 1 ("Compl.").) Plaintiff, a resident of Brooklyn, is thirty-six years old and was born with cerebral palsy with spastic quadriplegia. (Id. ¶¶ 5-6; D.E. # 11 ("Levy Aff.") ¶ 4.) Due to his medical conditions, Plaintiff's mobility is limited, and he uses a wheelchair. (Compl. ¶ 6.) Ms. Hennessy is Plaintiff's legal guardian pursuant to Article 17-A of the New York Surrogate's Court Procedure Act. (Levy Aff. ¶ 7.) Plaintiff alleges that Defendants, who operate a place of public accommodation in Brooklyn, failed to comply with federal, state, and city public accommodations law. (Compl. ¶¶ 1-2, 7; ¶¶ 30-45 (Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq.); ¶¶ 46-55 (New York State Human Rights Law, N.Y. Exec. Law § 296); ¶¶ 56-69 (New York City Human Rights Law, N.Y.C. Admin. Code § 8-107); ¶¶ 70-72 (New York State Civil Rights Law, N.Y. Civ. Rights Law § 40).)

Pursuant to a settlement agreement reached with Defendants, (D.E. # 12 ("Settlement Agreement")), Plaintiff filed a notice of voluntary dismissal on August 11, 2022, (D.E. # 10). The

1

Settlement Agreement settles Plaintiff's claims for a sum certain "in full and final settlement of all claims for monetary damages, compensatory or otherwise, including Plaintiff's claims for attorneys' fees, costs and litigation expenses." (Settlement Agreement ¶ 2.) Defendants have agreed as part of the settlement to make certain repairs and improvements to the subject premises to provide access in accordance with the federal, state, and local laws they are alleged to have violated. (Id. ¶ 1.)

I referred the notice of dismissal to the Honorable Taryn A. Merkl, United States Magistrate Judge, for a determination of whether the requirements of Local Civil Rule 83.2(a) had been satisfied. (Docket Order dated Jan. 11, 2023.) Rule 83.2 provides:

> An action by or on behalf of an infant or incompetent shall not be settled or compromised, or voluntarily discontinued, dismissed or terminated, without leave of the Court embodied in an order, judgment or decree. The proceeding upon an application to settle or compromise such an action shall conform, as nearly as may be, to the New York State statutes and rules, but the Court, for cause shown, may dispense with any New York State requirement.

(Local Civil Rule 83.2(a)(1).) Pursuant to an order by Magistrate Judge Merkl, Plaintiff submitted attorney billing records, supplemental affidavits, an affidavit explaining the nature of Plaintiff's guardianship, and the proposed settlement agreement. (See D.E. ## 11-14.) Magistrate Judge Merkl then held a fairness hearing on February 16, 2023. (Minute Entry dated Feb. 16, 2023; D.E. # 15 (Hr'g Tr.).)

On March 9, 2023, Magistrate Judge Merkl issued a thorough and well-reasoned report and recommendation, finding the Settlement Agreement to be "fair, reasonable, and adequate," and recommending granting Plaintiff leave to voluntarily dismiss the case. (D.E. # 16 ("R&R") at 5.) In particular, Magistrate Judge Merkl found that the settlement was the product of arm's-length negotiation, that both parties were represented by counsel, that Plaintiff and his guardian were satisfied with the repairs required by the settlement, and that the monetary amount—all of which

was intended to compensate Plaintiff's counsel—was for a reasonable amount lower than counsel's actual estimated costs and fees. (R&R 4-5.) Magistrate Judge Merkl also found that the New York State procedural requirements under N.Y. C.P.L.R. § 1208 had been satisfied. (R&R 3-4 n.1.)

When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quoting Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)). No party has objected to the R&R, and the time for doing so has passed. After reviewing the record and finding no clear error, I adopt the R&R in full. Accordingly, the Settlement Agreement having been approved, Plaintiff's Notice of Voluntary Dismissal with Prejudice, (D.E. # 10), is so ordered, and the Clerk of Court is directed to close the case.

SO ORDERED.

Dated: June 16, 2023
Brooklyn, New York

s/Carol Bagley Amon
_____
Carol Bagley Amon
United States District Judge